UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EDDY BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00030-JMS-MJD |
| | ) | |
| VIVIAN MALONE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Defendants' Motion for Summary Judgment and
Directing Further Proceedings**

Plaintiff Eddy Buchanan, an inmate at the New Castle Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983. Mr. Buchanan alleges that while he was incarcerated at the Delaware County Jail ("DCJ") as a pretrial detainee, the defendants violated his Fourteenth Amendment rights by encouraging other inmates to assault him and participating in assaulting him between April 13, 2015 and September 2015.

Presently pending before the Court is the motion for summary judgment filed by defendants on January 22, 2018 (Dkt. No. 76). The defendants' motion argues that the claims alleged against them are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Mr. Buchanan argues in response that he exhausted his administrative remedies by filing timely grievances. The defendants replied and the plaintiff filed a surreply. This motion is now fully briefed.

For the reasons explained below, the motion for summary judgment, dkt. [76], is **denied** and further proceedings are directed.

1

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022,

1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

It is the defendants' burden to establish that the administrative process was available to Mr. Buchanan. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

## II. Undisputed Facts

The following facts, construed in the manner most favorable to Mr. Buchanan as the non-movant, are undisputed for purposes of the motion for summary judgment.

Mr. Buchanan was incarcerated at the DCJ from January 8, 2012, through September 11, 2015. The DCJ's grievance procedure was available for use by all inmates to address the type of issues raised in Mr. Buchanan's lawsuit. All inmates have the right to file grievances with jail staff concerning treatment or conditions in the jail. The DCJ grievance procedure provides inmates with an internal grievance process for resolving complaints arising from institutional matters and conditions.

On a daily basis during Mr. Buchanan's incarceration at the DCJ, including from January 8, 2012, through September 11, 2015, the grievance procedure was readily available for inmates to review and use on the jail's electronic communication system—kiosk system and then later the tablet system. The DCJ grievance procedure was in place for a variety of inmate complaints, including but not limited to living conditions, unprofessional behavior or actions of jail personnel, and actions of other inmates.

At all relevant times, the grievance process began with the first step of the inmate filing a formal grievance within three (3) days of the aggrieved event. A shift supervisor, typically a Sergeant or Captain, would review, investigate and provide a response addressing the grievance within four (4) days from receipt, excluding weekend and holidays. If no response was provided within five (5) days, the grievance was deemed denied. If the formal grievance was not resolved in a manner that satisfied the inmate, including by being denied, he could pursue the issue through an appeal to the Jail Commander or designee. The decisions of the Jail Commander or designee were final.

Mr. Buchanan did not file any grievances on a kiosk or tablet related to the claims in this lawsuit.

### III. Discussion

The defendants argue that Mr. Buchanan failed to file any grievances related to his claim. Mr. Buchanan, however, has provided testimony that he filed paper grievances on May 30, June 24, July 30, and August 1, 2015 related to the issue. *See* dkt. 83 at 14. He further asserts that these grievances were never returned as rejected. *Id.* Mr. Buchanan also testifies that he filed appeals in written form to the jail commander regarding these four paper grievances. *Id.* In reply, the defendants argue that to the extent Mr. Buchanan filed paper grievances, he failed to file a grievance specifically naming defendant Malone or specifically naming Kevin McCaffery related to the issue of encouraging inmates to assault Mr. Buchanan. The defendants further argue that Mr. Buchanan fails to provide sufficient specificity regarding the contents of his paper grievances.

Although the defendant argues that Mr. Buchanan did not file a grievance specifically naming Ms. Malone or Kevin McCaffery, the grievance policy does not require an inmate to name corrections officers in grievances in order to exhaust administrative remedies. The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*,

549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton*, 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) ("prisoners must only put responsible persons on notice about the conditions about which they are complaining"). An offender "need not lay out the facts, articulate legal theories, or demand particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong*, 297 F.3d at 650.

The grievance policy attached as an exhibit to the motion for summary judgment lists requirements for grievances and does not include any requirement that the inmate provide the name of corrections officers who may be the source of the grievance. Dkt. 76-2 at 7. Mr. Buchanan was not required to name a particular officer in his grievance. Thus, defendants' assertion that Mr. Buchanan did not file any grievances specifically naming Malone or McCaffrey does not directly rebut Mr. Buchanan's assertion that he filed grievances to exhaustion on the issue of officers encouraging other inmates to assault him and assaulting him.

As long as Mr. Buchanan exhausted his remedies on the issue at least once, there was no need for Mr. Buchanan to file additional grievances on the issue. "In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). "Once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Id.*

The facts construed in the light most favorable to Mr. Buchanan as the non-movant raise a material question of fact regarding whether he filed grievances related to whether the defendants violated his Fourteenth Amendment rights by encouraging other inmates to assault him and

participating in assaulting him between April 13, 2015 and September 2015. The defendants have failed to provide any information as to paper grievances and how they are processed or handled by DCJ. Thus, the defendants have not refuted Mr. Buchanan's testimony with any admissible evidence to show that he did not submit the identified paper grievances. Accordingly, the motion for summary judgment, dkt. [76], is **denied.**

### IV. Further Proceedings

The defendants shall have **through April 25, 2018**, in which to notify the Court in writing that they have either abandoned their affirmative defense of exhaustion or request a hearing to resolve the factual dispute detailed above. If the defendants request a hearing and plaintiff would like assistance in recruiting counsel, he may file a motion for assistance with recruiting counsel. The **clerk is directed** to include the blank form motion for counsel form when distributing this Order to the plaintiff.

**IT IS SO ORDERED**.

Date: 4/10/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EDDY BUCHANAN
940910
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

Cory Christian Voight
COOTS HENKE & WHEELER, P.C.
cvoight@chwlaw.com